UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE HAZELWOOD #639989,

        Plaintiff,           CIVIL NO: 08-cv-12742

                                   DISTRICT JUDGE THOMAS L. LUDINGTON
                                   MAGISTRATE JUDGE STEVEN D. PEPE
vs.

KARY SOWELS AND
PINE RIVER CORRECTIONAL FACILITY,

        Defendants.
_____/

**REPORT AND RECOMMENDATION GRANTING DEFENDANT SOWELS'
MOTION FOR SUMMARY JUDGMENT (DKT. #11)
AND
REPORT AND RECOMMENDATION GRANTING DEFENDANT
PINE RIVER CORRECTIONAL FACILITY'S MOTION FOR DISMISSAL (DKT. #17)**

      The Plaintiff in this *pro se* prisoner civil rights action sues the Defendant, Michigan Department of Corrections officer Kary Sowels and Defendant Pine River Correctional Facility ("SPR") under 42 U.S.C. § 1983. Plaintiff alleges that Defendant Sowels took a dislike to him upon Plaintiff's arrival at SPR and told other inmates what the Plaintiff was incarcerated for; read and discarded Plaintiff's mail at will; and told other inmates when the Plaintiff received a large sum of money from the Social Security Administration (Dkt. #1). Plaintiff seeks monetary damages for emotional damages and injunctive relief in the form of a transfer to another facility.[1]

---

[1] Plaintiff was confined at SPR when he filed this lawsuit, but has since been transferred to the Deerfield Correctional Facility, which is a level 1 security facility. *See* Offender Profile at www.state.mi.us/mdoc.

The only averments applicable to SPR in the Complaint is an averment that SPR is overcrowded, which causes inmates to become easily agitated and raises health issues.

On August 15, 2008, Defendant Sowels moved for summary judgment based on the Plaintiff's failure to exhaust administrative remedies (Dkt #11). SPR was served thereafter and moved for dismissal on the basis of Eleventh Amendment immunity and mootness (Dkt. #17). Plaintiff has not filed a response to either motion. All pre-trial matters were referred under 28 U.S.C. § 636(b) (Dkt. #6). For the reasons stated below, it is **RECOMMENDED** that both Defendants' motions be **GRANTED**.

**I.     BACKGROUND**

Kary Sowels is a Resident Unit Officer at SPR in St. Louis, Michigan. According to the MDOC's website, Plaintiff was sentenced to a prison term of 1 year and 3 months to four years on April 27, 2007, following convictions on two counts of "Child Sexually Abusive Material – Possession."[2] Plaintiff seeks monetary damages for emotional distress and a transfer to another prison; preferably one closer to his home. Plaintiff's Complaint alleges:

> On 6-14-07 I arrived at "SPR". I was placed in F-unit for housing, it was in his unit where I first met the defendant, the defendant took a disliking to me from day one, he began to tell other inmates what I was in for, he would discuss my case with anyone who would ask, on several occasions he was seen reading my mail, he would discard my mail at will. In July of 2007 I received a large sum of money from social security. The defendant began telling other inmates about my money. From that point on my life has been a living hell. I notified prison staff of what was happening. I even told them that I no longer feel safe, but I'm still here, only now I have no money except for State pay!!!

(Dkt. #1, p. 1).

---

[2] *See* Offender Profile at www.state.mi.us/mdoc.

In an apparent aside, Plaintiff states:

> I would also like to note that I continue to hear that facilities were ordered to get rid of the eighth bunk do to over-crowding, yet here at Pine River Correctional Facility they are continuously crowding eight men into a space originally designed to accommodate no more than four men at one time, not only does this cause us to become very easily agitated, but it also raises health issues. I am sure that if you will do some research you will find that there is a higher rate of illness reported at facilities which continue to house eight men in a four man cube, "add to that the fact that we only have enough bathroom space to accommodate no more than eighty men, yet again each unit is one hundred and sixty men strong at any given time," than at those facilities which have began to eliminate the overcrowding.

(Dkt. #1, p. 2).

Thereafter, Plaintiff notes that he has appealed his criminal conviction because he believes he was unfairly sentenced but has been unable to reach his criminal attorney for a year (Dkt. #1, p. 2).

Accompanying the Complaint is a "Prisoner Kite" addressed to the Court Clerk wherein Plaintiff claims he has been harassed and threatened by a non-defendant officer since notifying the facility of his lawsuit and requesting documents (Dkt. #1, p. 6). The kite is followed by a copy of a letter addressed to an Attorney in Hazel Park, Michigan regarding Plaintiff's criminal appeal and a copy of minutes for an April 23, 2007, Warden's Forum Meeting regarding the dress code for inmate visits, the cost of cable television services, and requests for lateral transfers.

## II. ANALYSIS

### A. The Legal Standards

1. Summary Judgment Standards

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party

3

demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). *See also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Moreover, when a motion for summary judgment is filed, the adverse party may not merely rely "upon the mere allegations or denials of the adverse party's pleading, but . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

    2. <u>Fed. R. Civ. P. 12(b)(6)</u>

Fed. R. Civ. P 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even in everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1965 (2007), *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).

3. Exhaustion Requirements

Under the Prisoner Litigation Reform Act ("PLRA"), a prison inmate cannot maintain a civil rights action challenging prison conditions if he did not first exhaust "such administrative remedies as are available." The PLRA requires a prisoner to follow the state corrections system's procedures and *properly* exhaust all administrative remedies before he may bring a cause of action in federal court. *Woodford v. Ngo*, 126 S. Ct. 2378 (2006). Proper exhaustion requires "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 2386. The *Woodford* Court explained:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . . For example, a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court. And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules

5

> until the prison administration has no alternative but to dismiss the
> grievance on procedural grounds. We are confident that the PLRA
> did not create such a toothless scheme.

*Id*. at 2388. Thus, an untimely or otherwise improper grievance, even though appealed through all steps of a grievance procedure, does not fulfill the PLRA exhaustion requirement.

Prisoners at MDOC facilities are given the right to "[seek] redress for alleged violations of policy and procedure or unsatisfactory conditions," but prisoners making grievances must follow certain rules and deadlines. PD Preamble. These requirements are laid out in MDOC Policy Directive, Prisoner/Parolee Grievances (the "Policy Directive" or "PD") that prisoners must follow to exhaust their administrative remedies. MDOC Policy Directive 03.02.130 lays out a three-step process that prisoners must complete before being considered to have exhausted their claims (Dkt. #34, Ex. D, MDOC PD 03.02.130 (Effective December 19, 2003)). There are specific rules in PD 03.02.130 (such as time frames and content policies) that prisoners must follow, or else they face having their grievances rejected. Section T of P.D. 03.02.130 requires prisoners to include names of potential defendants in their grievances.

  4. <u>Eleventh Amendment Immunity</u>

The Eleventh Amendment to the United States Constitution bars suits against states and their departments or agencies in federal court. *Alabama v Pugh*, 438 U.S. 781 (1978); *Quern v Jordan*, 440 U.S. 332 (1979). The jurisdictional bar applies regardless of the nature of the relief sought. *Missouri v Fiske*, 290 U.S. 18, 27 (1933); *Dugan v Rank*, 372 U.S. 609, 620 (1963); *Cory v White*, 457 U.S. 85, 90-91 (1982).

  5. <u>Mootness</u>

A case is moot when the issues presented are no longer "'live' or the parties lack a

legally cognizable interest in the outcome." *Carras v Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Claims for declaratory and injunctive relief rendered moot by prisoner's transfer. *See Kensu v Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Abdur-Rahman v Michigan Dept of Corrections*, 65 F.3d 489, 491 (6th Cir 1995).

### B.   Factual Analysis

1. Defendant Sowels

The MDOC maintains a database of inmate grievance filings that have been pursued through Step III, and the Plaintiff has not pursued any MDOC grievance filings through completion (Dkt. #11, Ex A). As noted above, *Woodford v Ngo* requires prisoners to make full use of the prison grievance process so prisons have a fair opportunity to correct their own errors. The prisoner in this case alleges that Defendant Sowels has engaged in a campaign of harassing acts in violation of his federal rights, but the prisoner has not made full use of the prison grievance process and thus, has not provided prison officials a fair opportunity to address those claims. To the extent the Plaintiff purports to state a claim against Defendant Sowels based on the Plaintiff's averment of overcrowding that claim also has not been exhausted. Because no claims asserted by Plaintiff in this action can be pursued under the PLRA without proper exhaustion, Defendant Sowels is entitled to summary judgment.

2. Pine River Correctional Facility

The Pine River Correctional Facility, as part and parcel of the Michigan Department of Corrections, is an arm of State government. As noted above, the Eleventh Amendment bars suits against states and their departments or agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hospital v*

*Halderman*, 465 U.S. 89, 100 (1984); *Alabama v Pugh*, 438 U.S. at 782; *Missouri v. Fiske*, 290 U.S. 18, 27 (1933); *Dugan v Rank*, 372 U.S. 609, 620 (1963); *Cory v White*, 457 U.S. 85, 90-91 (1982). The State of Michigan has not consented to civil rights suits in federal courts. *See Abick v Michigan*, 803 F.3d 874, 877 (6th Cir. 1986). Moreover, a state or one of its agencies is not a "person" against whom a § 1983 claim for money damages might be asserted. *Will v. Michigan Dept of State Police*, 491 U.S. 58, 66 (1989).

Although the Supreme Court has recognized an exception to immunity as to certain types of claims for prospective injunctive relief, the exception only applies in limited circumstances. A state's sovereign immunity may be abrogated for the sole purpose of ending continuing violations of federal law by governing future conduct. *See Edelman v. Jordan*, 415 U.S. 651 (1974). There has been no showing in this case of a continuing violation of federal law.

Furthermore, Plaintiff sought injunctive relief in the form of a transfer to another facility. During the pendency of this action, Plaintiff was transferred to the Deerfield Correctional Facility. The Sixth Circuit has held that a claim for injunctive relief is rendered moot by a prisoner's transfer. *See Kensu v Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Abdur-Rahman v Michigan Dept of Corrections*, 65 F.3d 489, 491 (6th Cir. 1995). A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief. *Carras v Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)(quoting *Powell McCormack*, 395 U.S. 486, 496 (1969)). Because the Plaintiff's transfer has mooted his claim for injunctive relief, there is no viable claim for injunctive relief pending in this action. Even if the Plaintiff could demonstrate overcrowding at SPR, he is no longer

subjected to the alleged conditions and cannot show a continuing violation of federal law. Plaintiff's claims against the Pine River Correctional Facility should be dismissed based on Eleventh Amendment immunity and the doctrine of mootness.

### III.  RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** the both Defendant Sowels' motion for summary judgment and Defendant Pine River Correctional Facility's 12(b)(6) motion to dismiss be **GRANTED.**  The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation.  *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.  A party may file a reply brief within 5 days of service of a response.  The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the

Court.

Dated: November 17, 2008         s/ Steven D. Pepe
Ann Arbor, MI                    United States Magistrate Judge


Certificate of Service


The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on 11/17/08.

                                 s/Jermaine Creary
                                 Deputy Clerk