UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RONNIE HAZELWOOD #639989,

        Plaintiff,                  CIVIL NO: 08-cv-12742

                                          DISTRICT JUDGE THOMAS L. LUDINGTON
                                          MAGISTRATE JUDGE STEVEN D. PEPE
vs.

KARY SOWELS AND
PINE RIVER CORRECTIONAL FACILITY,

        Defendants.
_____/

**REPORT AND RECOMMENDATION DENYING PLAINTIFF'S
MOTION FOR A PERSONAL PROTECTIVE ORDER (DKT. #8)
AND
REPORT AND RECOMMENDATION DENYING PLAINTIFF'S
MOTION FOR RELIEF FROM CRUEL AND UNUSUAL PUNISHMENT (Dkt. #13)**

The Plaintiff in this *pro se* prisoner civil rights action sues the Defendant, Michigan Department of Corrections officer Kary Sowels and Defendant Pine River Correctional Facility ("SPR") under 42 U.S.C. § 1983. Plaintiff alleges that Defendant Sowels took a dislike to him upon Plaintiff's arrival at SPR and told other inmates what the Plaintiff was incarcerated for; read and discarded Plaintiff's mail at will; and told other inmates when the Plaintiff received a large sum of money from the Social Security Administration (Dkt. #1). Plaintiff seeks monetary damages for emotional damages and injunctive relief in the form of a transfer to another facility.[1]

---

[1] Plaintiff was confined at SPR when he filed this lawsuit, but has since been transferred to the Deerfield Correctional Facility, which is a level 1 security facility. *See* Offender Profile at www.state.mi.us/mdoc.

The only averments applicable to SPR in the Complaint is an averment that SPR is overcrowded, which causes inmates to become easily agitated and raises health issues.

On August 15, 2008, Defendant Sowels moved for summary judgment based on the Plaintiff's failure to exhaust administrative remedies (Dkt #11). SPR was served thereafter and moved for dismissal on the basis of Eleventh Amendment immunity and mootness (Dkt. #17). Plaintiff has not filed a response to either motion. In a separate Report and Recommendation of this date it is recommended that both of these motions be granted.

Plaintiff has also filed both a motion "for a personal protective order" (Dkt. #8) and a motion "for relief from cruel and unusual punishment" (Dkt. #13). These motions will be treated as requests for a preliminary injunction. Preliminary injunctions are governed by Federal Rule of Procedure 65. All pre-trial matters were referred under 28 U.S.C. § 636(b) (Dkt. #6). For the reasons stated below, it is **RECOMMENDED** that both Plaintiffs' motions be **DENIED**.

## I. BACKGROUND

Michigan Department of Corrections ("MDOC") inmate Ronnie Hazelwood #639989 filed a *pro se* prisoner civil rights Complaint on June 26, 2008, against Kary Sowels, who is employed by the MDOC as a Resident Unit Officer at SPR in St. Louis, Michigan. According to the MDOC's website, Plaintiff was sentenced to a prison term of 1 year and 3 months to four years on April 27, 2007, following convictions on two counts of "Child Sexually Abusive Material – Possession."[2] The inmate seeks monetary damages for emotional distress and a transfer to another prison; preferably one closer to his home. Plaintiff's Complaint states:

On 6-14-07 I arrived at "SPR". I was placed in F-unit for housing, it was in his unit

---

[2] *See* Offender Profile at www.state.mi.us/mdoc.

2

> where I first met the defendant, the defendant took a disliking to me from day one, he began to tell other inmates what I was in for, he would discuss my case with anyone who would ask, on several occasions he was seen reading my mail, he would discard my mail at will. In July of 2007 I received a large sum of money from social security. The defendant began telling other inmates about my money. From that point on my life has been a living hell. I notified prison staff of what was happening. I even told them that I no longer feel safe, but I'm still here, only now I have no money except for State pay!!!

(Dkt. #1, p. 1).

He later adds:

> I would also like to note that I continue to hear that facilities were ordered to get rid of the eighth bunk do to over-crowding, yet here at Pine River Correctional Facility they are continuously crowding eight men into a space originally designed to accommodate no more than four men at one time, not only does this cause us to become very easily agitated, but it also raises health issues. I am sure that if you will do some research you will find that there is a higher rate of illness reported at facilities which continue to house eight men in a four man cube, "add to that the fact that we only have enough bathroom space to accommodate no more than eighty men, yet again each unit is one hundred and sixty men strong at any given time," than at those facilities which have began to eliminate the overcrowding.

(Dkt. #1, p. 2).

Thereafter, Plaintiff notes that he has appealed his criminal conviction because he believes he was unfairly sentenced but has been unable to reach his criminal attorney for a year (Dkt. #1, p. 2).

Accompanying the Complaint is a "Prisoner Kite" addressed to the Court Clerk wherein Plaintiff claims he has been harassed and threatened by a non-defendant officer since notifying the facility of his lawsuit and requesting documents (Dkt. #1, p. 6). The kite is followed by a copy of a letter addressed to an attorney in Hazel Park, Michigan regarding Plaintiff's criminal appeal and a copy of minutes for an April 23, 2007, Warden's Forum Meeting regarding the dress code for inmate visits, the cost of cable television services, and requests for lateral

transfers.

In support of Plaintiff's motion for protective he states the following:

> The plaintiff in this case has and continues to be subjected to cruel and unusual punishment in the form of threats, harassment, stocking. The plaintiff in this case does swear under oath that the plaintiff does in fact fear for his safety and or well being.
>
> It is with good reason and in good faith that the plaintiff has petitioned the honorable courts grant him his plea for a "personal protective order" against the defendants in this case.
>
> The defendants in this case has (sic) informed the plaintiff in this case against making the boss mad. The defendants in this case have informed the plaintiff in this case that to make the boss mad would only cause problems for the plaintiff. Corrections Officer Jones, who is employed by the defendants has threatened the plaintiff in this case with a beating. The plaintiff has filed a complaint with Lt. Rice who is also employed by the Defendants in this case.
>
> The plaintiff therefore petitions the honorable courts to issue a relief in the form of a "personal protective order."

(Dkt. #8).

In support of Plaintiff's motion for relief from cruel and unusual punishment he states the

following:

> I the Plaintiff in the aforesaid case do hereby notify this court that on July 30, 2008, I was transferred from Pine River Correctional Facility (Level 1) next door to Mid-Michigan Correctional Facility (Level 1). Then on August 8, 2008, I was once again transferred next door to St. Louis Correctional Facility (Level 4).
>
> As a true security Level 1, I am being subjected to cruel and unusual punishment. I have done nothing wrong to deserve this treatment, other than being a victim of assault and filing this lawsuit.
>
> I the Plaintiff in the aforesaid case do hereby respectfully request to file a motion with this Honorable court seeing relief from any and all cruel and unusual punishment being inflicted upon me at the hands of the aforesaid correctional facilities (SPR, STF, SLF).

> I the Plaintiff in aforesaid case respectfully petition this court and request the court grant me relief from this cruel and unusual punishment and order that the plaintiff in said case be removed from his current level of incarceration and placed at a facility suitable for his true security level (Level 1).

(Dkt. #13).

## II. ANALYSIS

### A. The Legal Standard

The decision of whether to issue a preliminary injunction lies within the sound discretion of the district court. *Golden v. Kelsey-Hayes*, 73 F.3d 648, 653 (6th Cir.1996). The Supreme Court and the Sixth Circuit have noted that "the purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). The Sixth Circuit has advised that "a preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Co. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted).

When considering whether to grant the "extraordinary" remedy of a preliminary injunction, a district court must consider and balance four factors: (1) whether the moving party has a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the preliminary injunction; (3) whether issuance of the preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the preliminary injunction. *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 649 (6th Cir.2007). These four factors "are factors to be balanced, not prerequisites that must be met." *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003) (citation

5

omitted). A district court must make specific findings concerning each of the four factors unless fewer are dispositive of the issue. *Performance Unlimited v. Questar Publishers, Inc*., 52 F.3d 1373, 1381 (6th Cir. 1995); *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003) (citations omitted) (court "is not required to make specific findings concerning each of the four factors used in determining a motion for a preliminary injunction if fewer factors are dispositive of the issue").

B.      **Factual Analysis**

The primary reason for granting extraordinary relief in the form of a preliminary injunction is to prevent irreparable injury and thus, preserve the Court's ability to render a meaningful decision after a trial on the merits. Accordingly, a plaintiff must, at a minimum, show some likelihood of success on the merits. *Stenberg v Checker Oil Co*, 573 F.2d 921, 924 (6th Cir. 1978); *In re DeLorean Motor Co*, 755 F.2d 1223, 1229 (6th Cir. 1985). The Plaintiff in this case, however, cannot show a likelihood of success on the merits because his claims cannot proceed in this Court. As more fully set forth in a separate Report and Recommendation issued on this same date on Defendant Sowels' motion for summary judgment and Defendant Pine River Correctional Facility's motion to dismiss, Plaintiff has not exhausted his administrative remedies and has filed a claim against a party protected from suit by Eleventh Amendment immunity. Therefore, Plaintiff will not be able to succeed on the merits of his case, and his motions for injunctive relief should be **DENIED**.

It should also be noted that Plaintiff is no longer housed at Pine River Correctional Facility, *i.e.* the location he alleges the actions described in his Complaint occurred. Rather, Plaintiff is currently housed at Deerfield Correctional Facility, which is a level 1 security

facility. In his motion for relief from cruel and unusual punishment, Plaintiff requested that he be transferred to a level 1 security facility. The Sixth Circuit has held that a claim for injunctive relief is rendered moot by prisoner's transfer. *See Kensu v Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Abdur-Rahman v Michigan Dept of Corrections*, 65 F.3d 489, 491 (6th Cir. 1995). A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief. *Carras v Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)(quoting *Powell McCormack*, 395 U.S. 486, 496 (1969)). Because Plaintiff appears to have received the relief sought in his filings, his motions may also be **DENIED** as moot.

### III.    RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** the both Plaintiff's motion for a personal protective order and his motion for relief from cruel and unusual punishment be **DENIED.** The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR

72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Dated: November 17, 2008      s/ Steven D. Pepe
Ann Arbor, MI     United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on 11/17/08 .

s/Jermaine Creary
Deputy Clerk